CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 0 4 2008

JOHN F. CORCORAN, CLERK
BY: /s/ D. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES D. BELCHER, | ) |
| | ) Civil Action No. 7:04CV00132 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff is not entitled to benefits under either federal program. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, James D. Belcher, was born on November 12, 1964 and eventually completed his high school education. Mr. Belcher also attended college. Plaintiff has worked as a dispatcher, cashier, repairman, and maintenance worker. He last worked on a regular and sustained basis in 1995.

While the administrative record in this case is not complete, and while there is some confusion regarding the history of plaintiff's attempts to establish entitlement to social security benefits, it appears that Mr. Belcher first filed an application for a period of disability and disability insurance benefits in April of 1996, alleging disability onset on July 26, 1995. That application was unsuccessful, though it is unclear as to how far in the administrative/judicial process the application proceeded. In any event, plaintiff filed a new application for a period disability and disability insurance benefits on November 5, 2002. That application indicates that Mr. Belcher had engaged in some work activity since the time of his earlier application. In filing his new claims for benefits, plaintiff alleged that he became disabled for all forms of substantial gainful employment on July 26, 1995 due to disc herniation in the lumbar spine, chronic back pain, and radicular symptoms. Mr. Belcher now maintains that he has remained disabled to the present time.

Mr. Belcher's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 17, 2003, the Law Judge ruled that plaintiff was disabled due to work-related back problems and hypertension from July 26, 1995 through March 13, 1997. However, the Law Judge determined that Mr. Belcher regained the capacity for a significant range of light work activities after March 13, 1997. Given a residual functional capacity for a limited range of light work, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that Mr. Belcher was able to perform several specific light work roles at all relevant times after March 13, 1997. Accordingly, the Law Judge ultimately concluded that plaintiff was entitled to a closed period of disability between July

2

26, 1995 and March 13, 1997, and that plaintiff was no longer disabled for purposes of the social security benefit program at any time after March 13, 1997.

The Social Security Administration's Appeals Council undertook to review the Law Judge's opinion on its own motion. Citing 42 U.S.C. §§ 416(i) and 423, as well as 20 C.F.R. § 404.320(b)(3), the Appeals Council ruled that Mr. Belcher was not entitled to a closed period of disability and disability insurance benefits because his application for benefits was filed more than twelve months after the period of disability was said to have ended. Following issuance of the Appeals Council's opinion, Mr. Belcher appealed to this court. Apparently, during this same period of time, Mr. Belcher filed a new application for supplemental security income benefits.

On motion of the Commissioner, and by order entered November 2, 1004, the court remanded the case to the Commissioner for further consideration. By order entered February 1, 2005, the Social Security Administration's Appeals Council remanded the case to the same Administrative Law Judge for a new hearing and decision. In its order, the Appeals Council explained that, at the time of its earlier opinion, it was unaware that plaintiff had filed a request for review of the Law Judge's opinion of October 17, 2003. More importantly, the Appeals Council noted that the Administrative Law Judge had not recognized that Mr. Belcher had filed an earlier application for benefits in 1996. Thus, the Appeals Council found it necessary to require the Law Judge to consider whether there was good cause for reopening the earlier application, such as to justify the establishment of a closed period of disability for a period of time more than twelve months prior to the date of the second application for benefits. The Appeals Council also noted that the Law Judge had not had the opportunity to consider new medical evidence.

3

Following receipt of the order of remand, the Administrative Law Judge conducted a supplemental administrative hearing. The Law Judge rendered a new decision on May 9, 2006. As an initial matter, in terms of plaintiff's application for disability insurance benefits, the Law Judge noted that Mr. Belcher met the insured status requirements of the Act through the first quarter of 1998, but not thereafter. See, gen., 42 U.S.C. § 423. Consequently, Mr. Belcher is entitled to a continuing period of disability and disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before March 31, 1998. See, gen., 42 U.S.C. § 423. While the Law Judge again determined that Mr. Belcher was disabled between July 26, 1995 and March 13, 1997, the Law Judge again found that Mr. Belcher possessed the capacity to perform several specific light work roles at all relevant times after March 13, 1997. The Law Judge found that plaintiff was not entitled to any period of disability and disability insurance benefits inasmuch as he could not establish continuing disability for all forms of substantial gainful employment which began before termination of insured status and extended to a point in time within the period of twelve months prior to the effective date of his second application. See 42 U.S.C. § 416(i) and 20 C.F.R. § 404.320(b)(3). As for plaintiff's request to reopen his first application for a period of disability and disability insurance benefits filed in 1996, the Law Judge concluded that, inasmuch as his second application was filed more than four years after the denial of the first application, and inasmuch as none of the extraordinary exceptions to the four year rule are met in this case, Mr. Belcher is not entitled to a reopening of the first application. See 20 C.F.R. § 404.988(b) and (c).[1] Finally, the Law Judge held that Mr.

---

[1] The Law Judge assumed that Mr. Belcher first made his request to reopen the first application at the time of filing of his second application. Stated generally, 20 C.F.R. § 404.988(b) and (c) provide that a request to reopen must be filed within four years from the initial determination of the application for which reopening is sought, or at any time in a case beset with fraud or involving other extraordinary, enumerated circumstances.

4

Belcher is not entitled to supplemental security income benefits, based on the finding that plaintiff was not disabled for all forms of substantial gainful employment at the time of filing of the applications of November 5, 2002 or August 31, 2004. See 20 C.F.R. §§ 416.202 and 416.203(b). Accordingly, the Law Judge ultimately concluded that Mr. Belcher is not entitled to a period of disability, disability insurance benefits, or supplemental security income benefits. On this occasion, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Accordingly, Mr. Belcher's case has been reinstated on the active docket of this court.

After a review of the record in this matter, the court is constrained to conclude that the Commissioner's final decision must be affirmed. There are two issues presented by this case: one factual and one legal. The factual issue is whether there is substantial evidence to support the Law Judge's finding that Mr. Belcher was not disabled for a period of time beginning on or before March 31, 1998, and extending to a point in time within twelve months prior to the date of his application for a period of disability and disability insurance benefits on November 5, 2002.[2] The legal issue is whether the court possesses jurisdiction to disturb the Commissioner's decision not to reopen plaintiff's first application for benefits filed in April of 1996. The court will consider these issues in turn.

The court finds abundant and substantial evidence to support the Law Judge's determination that Mr. Belcher was not disabled within the meaning of the Act at any relevant time after March 13, 1997. In seems that Mr. Belcher injured his back in 1995, and that he was

---

[2] While Mr. Belcher filed his second application for benefits on November 5, 2002, the Commissioner has assumed an effective date of filing of October 29, 2002. It is from the October date that the twelve month period is properly measured.

5

eventually determined to be suffering from a small left lateral disc herniation at L4-5. The court believes that the Administrative Law Judge gave plaintiff the benefit of the doubt in concluding that he was disabled for a period of time following onset of his back problems and radicular symptoms. In 1997, plaintiff began a program of physical therapy designed to relieve his low back pain. Beginning in March of 1997, two of plaintiff's treating physicians, Dr. Murray E. Joiner, Jr., a pain specialist, and Dr. Daniel L. Hodges, a rehabilitation specialist, produced reports which indicate that Mr. Belcher should be capable of performing in light to medium levels of work activity. Also, during 1997 and 1998, a family physician, Dr. Gerald Roller, reported that Mr. Belcher experienced only mild hypertension and a "pretty good" range of back motion. (TR 280). As noted above, Mr. Belcher actually returned to work as a cab dispatcher in 1999, though he left work about four months later because he employer no longer needed him.

In more recent years, another family doctor, Dr. Charles H. Hiles, Jr., has produced reports indicating that Mr. Belcher is permanently and totally disabled. However, in other communications, Dr. Hiles has opined that plaintiff can do light work. Most recently, Dr. Hiles has declined to assess plaintiff's ability to work, explaining that such opinions are outside of his area of expertise. (TR 502). Mr. Bill Mercer, a physical therapist, has also suggested that Mr. Belcher continues to experience significant pain which would impact his ability to perform light or sedentary work. However, the court believes that the Commissioner reasonably relied upon reports from other physicians who have assessed plaintiff's more recent medical status and opined that he remains capable of performing lighter forms of work.

In September of 2005, Dr. William Humphries conducted a consultative medical evaluation. Dr. Humphries diagnosed hypertension, chronic lumbar strain with degenerative joint

6

and degenerative disc disease, and peripheral neuropathy in the left lower extremity. Dr. Humphries opined that Mr. Belcher retains sufficient functional capacity for sedentary levels of exertion. Dr. A. C. Alexander, III, testified at two supplemental administrative hearings as a medical advisor. Dr. Alexander related that the objective medical evidence tends to support Dr. Humphries' assessment, that Mr. Belcher regained the capacity for lighter forms of work in March of 1997, and that plaintiff remained capable of performing at least sedentary forms of work activity through the date of the administrative hearings.

Considering the medical evidence, the court must conclude that there is substantial evidence to support the Law Judge's finding that Mr. Belcher remained capable of performing sedentary and light sedentary forms of work at all relevant times. In assessing plaintiff's capacity for work, the Law Judge relied on testimony of a vocational expert. The court believes that the vocational expert's testimony, and the hypothetical questions under which the expert deliberated, are reasonable and consistent with the medical record in this case. The court concludes that the Administrative Law Judge reasonably relied on the testimony of the vocational expert in assessing Mr. Belcher's capacity to perform specific work roles existing in the national economy. It follows that the Law Judge's assessment of the medical record is supported by substantial evidence and, therefore, must be affirmed.

The issue which is more critical to plaintiff's case arises as a result of the Commissioner's denial of plaintiff's request to reopen the first application for social security benefits filed in April of 1996. If the earlier decision could be reopened, Mr. Belcher would be entitled to a closed period of disability based on the finding of the Administrative Law Judge that he was disabled between

7

July 26, 1995 and March 13, 1997. However, the court must conclude that it is without jurisdiction to consider the Commissioner's denial of the request to reopen.

It is clear that the Administrative Law Judge denied plaintiff's request to reopen the earlier application on the ground of administrative res judicata. See 20 C.F.R. § 404.957(c)(1). Citing Califano v. Sanders, 430 U.S. 99 (1977), the Commissioner argues that the court is without subject matter jurisdiction to review the denial of the request to reopen. Califano v. Sanders stands for the proposition that, upon dismissal of a request to reopen on the basis of res judicata, 42 U.S.C. § 405(g) does not confer subject matter jurisdiction, absent a constitutional challenge. In Califano v. Sanders, supra, the United States Supreme Court held that neither 42 U.S.C. § 405(g) nor the Administrative Procedure Act confers subject matter jurisdiction to review the Commissioner's refusal to reopen a prior determination. 430 U.S. at 105-108. Inasmuch as 42 U.S.C. § 405(g) provides the only possible basis for jurisdiction of the court, the request for review of the refusal to reopen must be dismissed.

In summary, the court has found substantial evidence to support the Commissioner's determination that Mr. Belcher was not disabled for a continuous period beginning prior to the termination of insured status and extending through a point in time within twelve months prior to the effective date of his application for social security benefits on November 5, 2002. The court has also found substantial evidence to support the Commissioner's finding that Mr. Belcher was not under a disability at the time of his applications for supplemental security income benefits in 2002 and in 2004. Finally, the court has concluded that it is without jurisdiction to review the Commissioner's denial of plaintiff's request to reopen his first application for social security

Case 7:04-cv-00132-GEC   Document 30   Filed 08/04/08   Page 8 of 9   Pageid#: 86

benefits filed in April of 1996. Accordingly, the final decision of the Commissioner must be affirmed in all respects. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This \_\_4th\_\_ day of August, 2008.

/s/ Glen Conrad
United States District Judge